**George E. JOHNSON, Jr.**

v.

**PHILADELPHIA ELECTRIC COMPANY.**

Civ. A. No. 87–3092.

United States District Court, E.D. Pennsylvania.

Nov. 19, 1987.

George E. Johnson, Jr., pro se.

Kevin W. Gibson, Philadelphia, Pa., for defendant.

### MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

The plaintiff filed this action pro se requesting that this court issue a preliminary injunction enjoining the defendant from terminating plaintiff's electrical service. Presently before the court is the motion of the defendant to dismiss the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons which follow, the motion is granted.

On March 30, 1987, the plaintiff filed a petition for liquidation under Chapter 7 of the federal bankruptcy law. On June 11, 1987, plaintiff filed an adversary action in the United States Bankruptcy Court for the Eastern District of Pennsylvania at Adversary Proceeding No. 87–0568S. The adversary proceeding was assigned to the Honorable David A. Scholl. In his complaint in the bankruptcy court, plaintiff sought a preliminary injunction enjoining the defendant from terminating plaintiff's electrical service. Specifically, plaintiff alleged that by threatening to terminate plaintiff's utility service for nonpayment of post-petition utility bills, the defendant was in violation of the automatic stay provisions of 11 U.S.C. § 362(a). The defendant filed a motion to dismiss the bankruptcy complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On July 21, 1987, a hearing was held before Judge Scholl concerning defendant's motion to dismiss. Following the hearing, Judge Scholl issued an Order granting the motion to dismiss which provided *inter alia:*

> This Complaint appears to arise from the Plaintiff's misperception that the Defendant is barred from terminating utility service for failure to pay for post-petition services by the terms of 11 U.S.C. § 362(a). In light of 11 U.S.C. § 366(b), the debtor's position is patently incorrect and it is wasteful to the energies of all involved to prolong this matter.

On July 28, 1987, the plaintiff filed a Notice of Appeal of the decision of Judge Scholl to the United States District Court for the Eastern District of Pennsylvania. The appeal was assigned to the Honorable Raymond Broderick. By Order entered October 29, 1987, Judge Broderick dismissed the appeal for failure to file a designation of contents and remanded the matter to the bankruptcy court. This should have ended the matter except for the fact that on June 17, 1987, plaintiff filed the complaint *sub judice.* In this complaint, filed only six days after plaintiff filed his complaint with the bankruptcy court, plaintiff once again seeks a preliminary injunction enjoining the defendant from terminating plaintiff's electrical service. He once again alleges that by threatening to terminate plaintiff's utility service for nonpayment of post-petition utility bills, the defendant was in violation of the automatic stay provisions of 11 U.S.C. § 362(A). The defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on September 10, 1987 and on November 4, 1987 concerning defendant's motion to dis-

miss. Both plaintiff and counsel for defendant attended the hearings.

■ At the outset, we note that plaintiff did not file a motion with this court to withdraw his case from the bankruptcy court for this district pursuant to 28 U.S.C. § 157(d). Having elected to proceed with his action for a preliminary injunction in the bankruptcy court for this district, plaintiff cannot *simultaneously* proceed in this court with the identical action brought in bankruptcy court. Were we to hold otherwise, *nothing* would prevent a plaintiff from filing a multitude of complaints with the bankruptcy court and Federal District court in the hope of achieving a favorable outcome in one of them. However, plaintiff is allowed only one bite at the apple and plaintiff elected to take that bite in bankruptcy court. The court, therefore, lacks subject matter jurisdiction over the complaint *sub judice* and the complaint must be dismissed.

■ Even if the complaint *sub judice* was properly before the court, it would still have to be dismissed. 11 U.S.C. § 366(b) specifically allows a utility such as defendant to terminate utility service for failure to pay for post-petition services. Thus, plaintiff's complaint is patently frivolous.

■ The plaintiff also requests that the Clerk of Court enter judgment by default against the defendant alleging that defendant failed to appear at the hearing before this court on September 10, 1987 or at the hearing before this court on November 4, 1987. This allegation borders on the absurd. At both hearings, counsel for defendant stood no more than six feet to the right of plaintiff. To the extent plaintiff is arguing that no one from the defendant's offices appeared at either hearing, no one from defendant's offices was required to appear at either hearing as defendant was *represented* at both hearings by counsel. We, therefore, will quash the request for entry of judgment by default. In so doing, we caution plaintiff that if any further frivolous proceedings are filed by him in

this court, appropriate sanctions shall follow.